**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
ALLISON ULLO, *individually and on*
*behalf of others similarly situated*,

                            *Plaintiff*,

             - against -

ABY ROSEN, GREGG POPKIN, PATRICK HALL,
DANE ASERMELY, SEBASTIEN LEFAVRE, RFR
HOLDING LLC, GPH PARTNERS LLC, GPH
MANAGEMENT LLC, AND GP SERVICES LLC,

                          *Defendants*.
------------------------------------------------------------X

**18 Civ. 11281**

**CLASS ACTION**
**COMPLAINT**

**Jury Trial Demanded**

       Plaintiff Allison Ullo ("Plaintiff"), individually and on behalf of others similarly situated, by and through her attorneys, alleges upon her knowledge and belief, and as against Defendants Aby Rosen, Gregg Popkin, Patrick Hall, Dane Asermely, Sebastien Lefavre, RFR Holding LLC, GPH Partners LLC, GPH Management LLC, and GP Services LLC (collectively referred to as "Defendants"):

<u>**NATURE OF CASE**</u>

       1.    Plaintiff bring claims against Defendants on behalf of herself, and other similarly situated individuals, for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and regulations promulgated by the New York Department of Labor, 12 N.Y.C.R.R. §146-1.1 *et seq.* ("Hospitality Wage Order").

       2.    Plaintiff seeks redress for damages, liquidated damages, statutory damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     The Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) and supplemental jurisdiction over Plaintiff's NYLL and Hospitality Wage Order claims pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this District, Defendants maintain their corporate headquarters and offices within this district, Defendants operate their business in this District, and Defendants employed Plaintiff in this District.

## THE PARTIES

### *Plaintiff*

5.     Plaintiff is an adult individual who is a resident of New York, New York.

6.     From at least six years prior to the filing of this Complaint until March 23, 2018, Plaintiff worked as a "Cocktail Server" or waitress at "Rose Bar" and "Jade Bar" in Gramercy Park Hotel located at 2 Lexington Avenue in New York, New York.

7.     Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

### *Corporate Defendants*

8.     Defendant GPH Partners LLC ("GPH Partners") is a limited liability company established and organized under the laws of New York on or about April 13, 2004, by Defendant Aby Rosen.

9.     GPH Partners owns the hotel property known as "Gramercy Park Hotel."

10.     Defendant GPH Management LLC ("GPH Management") is a limited liability company established and organized under the laws of New York on or about April 18, 2005, by Defendant Aby Rosen.

11.     GPH Partners has a management contract with and/or has leased some or all of the hotel to Defendant GPH Management.

12.     GPH Management does business under the name "Gramercy Park Hotel."

13.     Defendant RFR Holding LLC ("RFR") is a privately held real estate investment, development, and management company based in Manhattan.

14.     RFR was founded in 1991 by Aby Rosen and Michael Fuchs who are its principals.

15.     RFR operates and manages Gramercy Park Hotel including Rose Bar and Jade Bar and considers itself to be the owner of the hotel.

16.     Defendant GP Services LLC is a limited liability company established and organized under the law of Delaware on or about October 14, 2009.

17.     Plaintiff's W2 states her employer is "GP Services LLC."

18.     Defendants GPH Partners, GPH Management, RFR and GP Services are collectively referred to as the "Corporate Defendants."

19.     Under the FLSA and NYLL, the Corporate Defendants constitute a single employer of Plaintiff and all similarly situated employees given the (1) interrelation of operations, (2) centralized control of labor relations; (3) common management; and (4) common ownership and financial control.

20.     In each year beginning six year prior to filing the complaint, the Corporate Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000.

***Individual Defendants***

21.     Defendant Aby Rosen is an individual person who possesses operational control over, ownership interests in, and controls significant functions of the Corporate Defendants.

22.     At all relevant times herein, Defendant Aby Rosen possessed the power and authority to fire and hire employees at Rose Bar and Jade Bar, determine their rate and method of pay, determine their work schedules and otherwise affect the quality of their employment. Defendant Aby Rosen has exercised such power by hiring as well as negotiating terms of employment and severance.

23.     Defendant Gregg Popkin is the Chief Operating Officer of RFR.

24.     Defendant Gregg Popkin possesses operational control over and controls significant functions of the Defendant Corporations.

25.     At all relevant times herein, Defendant Gregg Popkin possessed the power and authority to fire and hire employees at Rose Bar and Jade Bar, determine their rate and method of pay, determine their work schedules and otherwise affect the quality of their employment. Defendant Gregg Popkin has exercised such power by participating in the hiring of employees and the negotiating of terms of employment and severance.

26.     Defendant Patrick Hall is vice-president of hotel operations for RFR.

27.     Defendant Patrick Hall assists Defendant Gregg Popkin in overseeing RFR's day-to-day hotel operations.

28.     At all relevant times herein, Defendant Patrick Hall possessed operational control over and controls significant functions of the Defendant Corporations.

29.     At all relevant times herein, Defendant Patrick Hall possessed and has exercised the power and authority to fire and hire employees at Rose Bar and Jade Bar, determine their rate

and method of pay, determine their work schedules and otherwise affect the quality of their employment.

30.     Defendants Aby Rosen, Gregg Popkin and Patrick Hall regularly reviewed financial statements of Rose Bar and Jade Bar including monthly, quarterly and annual profit/loss statements that included Plaintiff's and other employees' wages.

31.     In or around October 2015, Defendant Dane Asermely became the general manager of Rose Bar and Jade Bar. Defendant Dane Asermerly succeed Defendant Sebastien Lefavre as general manager of Rose Bar and Jade Bar.

32.     At all relevant times herein, Defendants Dane Asermely and Sebastian Lefavre possessed and exercised the power and authority to fire and hire employees at Rose Bar, determine their rate and method of pay, determine their work schedules and otherwise affect the quality of their employment.

33.     Defendants Dane Asermely and Sebastian Lefavre regularly collected and produced financial records of the Rose Bar and Jade Bar including monthly, quarterly and annual profit/loss statements that included Plaintiff's and other employees' wages for the other Defendants to review.

34.     Defendants Aby Rosen, Gregg Popkin, Patrick Hall, Dane Asermely, Sebastien Lefavre are referred to as the "Individual Defendants."

35.     The Corporate Defendants and Individual Defendants jointly employed Plaintiff and all similarly situated employees and are liable as employers within the meaning of the FLSA and the NYLL.

## ROSE BAR & JADE BAR

### *Bartenders' Shifts*

36.     Jade Bar has one bartender working at all times. Jade Bar opens at 12 p.m. and remains open until close or approximately 4 a.m.

37.     A barback begins working at Jade Bar beginning at 7 p.m. and continues to work until close or approximately 4 a.m.

38.     Rose Bar opens at 6 p.m. with one bartender and one barback. A second bartender begins working at 10 p.m. The two bartenders and one barback work until close or approximately 4 a.m.

39.     The barbacks at Rose Bar and Jade Bar wait on customers, take orders from customers, prepare and serve alcoholic drinks including cocktails. The barbacks are also responsible for collecting and cleaning glasses as well as taking out the trash from behind the bar. The barbacks work in the bar area, in front of and around customers, and are constantly interacting with customers.

40.     Defendants do not require the bartenders at Rose Bar and Jade Bar to tip share with the barbacks.

*41.*     At all relevant times, only men have served as bartenders and barbacks at Rose Bar and Jade Bar.

### *Waitresses' Shift*

42.     At 4 p.m., a waitress is required to begin setting up Rose Bar for its 6 p.m. opening. Prior to the shift beginning, the waitress is required to get dressed for work in a uniform. The waitress is required to engage in pre-shift donning of uniforms as well as preparing her hair and make-up, which takes at least 20 minutes. This shift ends at 9 p.m. ("Shift 1").

43.     From 4 p.m. until 6 p.m., the waitress on Shift 1 is primarily required to perform non-tipped duties related to setting up Rose Bar including but not limited to cleaning tables, cleaning the room, changing the receipt roll, collecting and cleaning all of the check presenters, finding candles in the basement, bringing boxes upstairs, removing candles out of boxing and individual packaging, lighting candles and place them on tables around Rose Bar, locating furniture in the basement and moving furniture in Rose Bar.

44.     At 6 p.m., a second waitress begins working in Rose Bar. This shift ends at 4 a.m. ("Shift 2").

45.     At 9 p.m., a third waitress begins working in Rose Bar. This shift ends at 4 a.m. ("Shift 3").

46.     From 10 p.m. until 1 a.m., a waitress is required to work a "swing shift." Defendants required the waitress to log into the Micros Restaurant Management System as the waitress from Shift 2 or Shift 3.

47.     After the close of the shift, the waitresses are required to perform non-tipped duties including handling all paperwork including calculating the sales for the night. This non-tipped work takes approximately 30 minutes and may take as much as an hour.

48.     Waitresses are also required to assist in the paperwork by phone with the floor managers on Sunday afternoon. This non-compensated work lasts approximately 15 minutes and may take as much as 30 minutes.

### *Defendants' Unlawful Acts*

49.     At all relevant times herein, Defendants did not require any male employee to contribute tips to any other person whether it be through tip sharing or tip pooling.

50.    At all relevant times herein, Defendants only required women to distribute their tips. Such tips were required to be distributed to male employees.

51.    The women were required to distribute tips on the stated ground that "You girls make too much money" or other similar reasons.

52.    The Shift 1 Waitress was required to give 20% of her tips to the Jade Bar bartender and 7% tip to employees who worked primarily in the kitchen area doing prep work ("back-of-the-house employees").

53.    The Shift 2, Shift 3 and swing-shift waitresses were required to give 20% of tips to the Rose Bar bartenders as well as 15-25% to back-of-the-house employees.

54.    When asked for the justification behind only having the waitresses distribute their tips to the male employees, waitresses were repeatedly told by the managers, "You girls make too much money" and other similar gender-based comments.

55.    The employer-mandated tip sharing scheme imposed on Plaintiff and other waitresses is not customary.

56.    The employer-mandated tip sharing imposed on Plaintiff was not reasonable.

57.    Defendants did not establish, maintain, and preserve records as required by law, or did not make any such records available to Plaintiff or other participants in the mandated tip sharing scheme, that included: (1) a daily log of the tips collected by each employee on each shift, whether in cash or by credit card; (2) a list of occupations that the employer deemed eligible to receive tips through tip sharing; (3) the shares of tips that each occupation was scheduled to receive from tip sharing; and (4) the amount in tips that each employee received from the tip share by date.

58.     Defendants did not post in a conspicuous place notices issued by the Department of Labor about wage and hour laws, tip appropriations, or illegal deduction provisions.

59.     Defendants did not list "GPH Management LLC" or any other "doing business as" names on any notices or records as required under NYLL.

60.     Defendants did not state the correct gross wages, as defined by NYLL, for any employee on any pay statement as required by NYLL or deductions from the correct gross wages.

## CLASS ACTION ALLEGATIONS

61.     Plaintiff seeks relief in her individual capacity and as a representative of all others who are similarly situated for certain causes of action alleged herein (*i.e.*, causes of action one, two, six, seven and eight).

62.     Pursuant to Fed. R. Civ. P. 23(a) and (b)(2), (b)(3), and (c)(4), Plaintiff seeks certification of all other similarly situated employees who worked at Rose Bar and Jade Bar and were paid less than minimum wage under federal or state law or who had GP Services listed as their employer on their pay statements and/or W2 for the six years prior to filing of this Complaint.

63.     Excluded from this Class are Defendants, and any officer, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendants.

64.     The members of the Class are so numerous that the joinder of all members is impractical. While the exact number of Class members is unknown to Plaintiff at this time, Plaintiffs asserts on information and belief that the Class includes more than fifty (50) people.

65.     Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

a.      Whether Defendants gave proper notice to the Class that they would be paid a reduced wage because Defendants intended to use their tips to satisfy their minimum wage obligations or otherwise inform the employees of the provisions of 29 U.S.C. § 203(m);

b.      Whether Defendants unlawfully applied a tip credit under 29 U.S.C. § 203(m) because federal law only permits tip pooling if a tip credit is taken;

c.      Whether Defendants gave proper written notices as required by 12 N.Y.C.R.R. § 146-2.2;

d.      Whether Defendants failed to provide Plaintiff and other employees with written notice containing *inter alia* the name of the employer and any "doing business as" names as required by NYLL §195(1); and

e.      Whether Defendants failed to provide Plaintiff and other employees with written notice containing *inter alia* the name of the employer and any "doing business as" names as required by NYLL §195(3);

66.     All members of the proposed Classes are readily ascertainable.

67.     Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of those of other Class members because Plaintiff, like that of every other class member, was harmed by Defendants unlawfully applied a tip credit to their wage as well as failure to comply with NYLL §195(1) and NYLL §195(3).

68.     Fed. R. Civ. P. 23(a)(4). Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff's Counsel are competent and experienced in litigating class actions and FLSA claims.

69.     Fed. R. Civ. P. 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the Class is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims. There will be no difficulty in the management of this action as a class action.

70.     Class certification is also appropriate under Fed. R. Civ. P. 23(a) and (b)(2), because Defendants acted or has refused to act on grounds generally applicable to the class.

71.     Pursuant to Fed. R. Civ. P. 23(c)(4), Plaintiff and the class seek certification of particular claims and issues.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS
*(by Plaintiff on her own behalf and on behalf of all employees similarly situated)*

*Violation of 29 U.S.C. § 206*

72.     Plaintiff repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

73.     Defendants did not give proper notice to employees that they would be paid a reduced wage because Defendants intended to use their tips to satisfy their minimum wage obligations or otherwise inform the employees of the provisions of 29 U.S.C. § 203(m).

74.     Defendants unlawfully applied a tip credit to employees' wages and violated the federal minimum wage requirements of 29 U.S.C. § 206 until December 30, 2016.

75.     Defendants' failure to give proper notice and the subsequent violations of the federal minimum wage requirement were willful within the meaning of 29 U.S.C. § 255.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS
*(by Plaintiff on her own behalf and on behalf of all employees similarly situated)*

*Violation of 29 U.S.C. § 206*

76.     Plaintiff repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

77.     29 U.S.C. § 203(m) only allows employers to apply a tip credit if they require tip pooling.

78.     Defendants mandated tip sharing at Rose Bar and Jade Bar.

79.     Defendants unlawfully applied a tip credit to Plaintiff and employees similarly situation and thereby violated the federal minimum wage requirements of 29 U.S.C. § 206 for three years prior to filing this Complaint until December 30, 2016.

80.     Defendants' unlawful application of a tip credit and subsequent violations of the federal minimum wage requirement were willful as the term is defined 29 U.S.C. § 255.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS
*(by Plaintiff on her own behalf)*

*Violation of 29 U.S.C. § 206*

81.     Plaintiff repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

82.     Plaintiff repeatedly worked Shift 1 as described above.

83.     On each day that Plaintiff worked Shift 1, Plaintiff spent substantial time doing non-tipped work.

84.      Defendants unlawfully applied a tip credit to the non-tipped work for this period of time and violated the federal minimum wage requirements of 29 U.S.C. § 206 until December 30, 2016.

85.     Defendants' unlawful application of a tip credit and subsequent violations of the federal minimum wage requirement were willful as the term is defined 29 U.S.C. § 255.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS**
*(by Plaintiff on her own behalf)*

*Violation of 29 U.S.C. § 206*

86.     Plaintiff repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

87.     The FLSA guarantees compensation for all work engaged in by employees.

88.     Defendants did not compensate Plaintiff for time spent Sunday afternoons assisting on Defendants' paperwork.

89.     Defendants' violations of the federal minimum wage requirement was willful as the term is defined 29 U.S.C. § 255.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS**
*(by Plaintiff on her own behalf)*

*Violation of NYLL § 652*

90.     Plaintiff repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

91.     Plaintiff repeatedly worked Shift 1 as described above.

92.     On each day Plaintiff worked Shift 1, she spent more than 20 percent of her shift performing non-tipped work.

93.      Defendants unlawfully applied a tip credit to the wages of Plaintiff in violation of 12 N.Y.C.R.R. § 146-2.2 and thereby violated NYLL § 652.

**AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS**
*(by Plaintiff on her own behalf and on behalf of all employees similarly situated)*

*Violation of NYLL § 652*

94.     Plaintiff repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

95.     Defendants did not give proper written notices as required by 12 N.Y.C.R.R. § 146-2.2.

96.     Defendants unlawfully applied a tip credit to employees' wages and thereby violated state minimum wage requirements.

**AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS**
*(by Plaintiff on her own behalf and on behalf of all employees similarly situated)*

*Violation of NYLL §195(1)*

97.     Plaintiff repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

98.     Defendants failed to provide Plaintiff and other employees with written notice containing *inter alia* the name of the employer and any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, and a mailing address if different, and the telephone number of the employer

99.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**AS AND FOR A EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS**
*(by Plaintiff on her own behalf and on behalf of all employees similarly situated)*

*Violation of NYLL §195(3)*

100.    Plaintiff repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

101.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement including, *inter alia*, the name of employer and any "doing business as" names used by the employer, address and phone number of such employer as required by NYLL 195(3).

102.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### AS AND FOR A NINTH OF ACTION AGAINST DEFENDANTS
*(by Plaintiff on her own behalf)*

*Violation of NYLL § 196-d*

103.    Plaintiff repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

104.    Defendants required Plaintiff to contribute a percentage of her tips to other employees that was not customary.

105.    Defendants required Plaintiff to contribute a percentage of her tips to other employees that was not customary.

106.    Defendants thereby violated Section 196-d of NYLL.

### AS AND FOR A TENTH OF ACTION AGAINST DEFENDANTS
*(by Plaintiff on her own behalf)*

*Violation of NYLL § 196-d*

107.    Plaintiff repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

108.    Defendants required Plaintiff to give her tips to employees whose primary duties were non-tipped duties and were ineligible to receive tips through employer-mandated tip sharing.

109.    Defendants thereby violated Section 196-d of NYLL.

**WHEREFORE**, Plaintiff respectfully request that this Court enter a judgment providing the following relief:

a)  Certifying the class for causes of action one, two, six, seven and eight in accordance with Rule 23 of the Federal Rules of Civil Procedure;

b) Designating Plaintiff as Class Representatives;

c) Designating David Kasell and Joshua Levin-Epstein as Class Counsel;

d) Entering declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

e) Granting judgment in favor of Plaintiff and the Class, and against Defendants;

f) Awarding all available compensatory damages to Plaintiff and the Class, including, *inter alia*, all unpaid wages, misappropriated tips, and liquidated damages under federal and state law;

g) Awarding five thousand dollars ($5,000.00) to Plaintiff and the Class for Defendants' failure to provide Notice detailing rates of pay and payday and five thousand dollars ($5,000.00) to Plaintiff and the Class for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, employee's gross wages, any deductions made from employee's gross wages, any allowances claimed as part of the minimum wage, and the employee's net wages for each pay day;

h) Awarding reasonable attorneys' fees and costs incurred by Plaintiffs in filing this action pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198 and 663;

i) Awarding pre-judgment and post-judgment interest to Plaintiffs on these damages;

j) Awarding an automatic increase in the judgment that if any amounts of the damages are unpaid within ninety days of the expiration of the time to appeal  by fifteen percent pursuant to NYLL § 198(4); and

k) Granting other and further legal and equitable relief as this Court deems necessary, just, and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure

DATED:  December 4, 2018

/s/ David Kasell
David M. Kasell
1038 Jackson Avenue, #4
Long Island City, NY 11101
(718) 404-6668

Joshua Levin-Epstein
Levin-Epstein & Associates, P.C.
1 Penn Plaza, Suite 2527
New York, NY 10119
(212) 792-0046

*Counsel for Plaintiff Allison Ullo*