UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALLISON ULLO,

                            Plaintiff,

-v-

RFR HOLDING L.L.C, et al.,

                            Defendants.

18 Civ. 11281 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has received, by email, a letter from plaintiff, dated April 6, 2019, requesting a pre-motion conference regarding certain anticipated motions ("Pl. Letter"). Specifically, plaintiff's counsel intends to move to seal or redact defendants' memorandum of law in support of their motion to dismiss, Dkt. 22, to issue a protective order, and to disqualify and sanction defendants' counsel "for introducing himself as a witness to facts underlying his motion" and for making "scurrilous allegations in his papers." Pl. Letter at 1. The Court has also received defendants' letter in opposition, dated April 8, 2019, ("Def. Letter"), as well as plaintiff's reply letter, dated April 9, 2019 ("Pl. Reply Letter"). Finally, the Court has received a letter motion requesting an order of referral to the Pilot Program designed for FLSA/NYLL cases, Dkt. 23, and defendants' reply opposing that request but representing that defendants are amenable to settlement negotiations conducted before this Court or a Magistrate Judge, Dkt. 24.

Plaintiff's request for a pre-motion conference is denied. Plaintiff's request is based on the representation, made by defendants in their memorandum in support of their motion to dismiss, that plaintiff was arrested shortly before her termination and pled guilty to certain charges. Dkt. 22 at 1–2. However, as defendants argue, there is no basis to seal defendants'

motion, issue a protective order, or disqualify or sanction defendants' counsel. Judicial documents presumptively are public and may be sealed if there is a "compelling reason[]" to do so. *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (internal quotation marks omitted). Here, there is no such reason. The facts of plaintiff's arrest and her guilty plea are matters of public record. Likewise, there is no basis for a protective order.

Plaintiff's argument that defendants' counsel should be disqualified and/or sanctioned because he "knowingly and purposefully introduced himself as a witness into this case," Pl. Letter at 1, in reporting the public facts regarding plaintiff's arrest and guilty plea, fails as well. As defendants noted in their memorandum, it is well settled that the Court may take judicial notice of plaintiff's arrest and guilty plea. *See Shmueli v. City of New York*, 424 F.3d 231, 233 (2d Cir. 2005). Such judicial notice does not convert a motion to dismiss to one for summary judgment. *See Johnson v. Pugh*, No. 11 Civ. 385, 2013 WL 3013661, at *2 (E.D.N.Y. June 18, 2013). Defendants' reference to the fact of plaintiff's arrest and guilty plea was entirely appropriate. It is a very far cry from the kind of conduct that merits disqualification or the imposition of sanctions. Therefore, plaintiff's request for a pre-motion conference is denied.

To the extent that plaintiff's letter may be taken to challenge the relevance of plaintiff's arrest and guilty plea to the pending motion to dismiss, any such arguments are properly made in the content of plaintiff's opposition to the motion to dismiss, which remains due **April 23, 2019**.

Finally, the Court also denies plaintiff's request to refer this case to the Pilot Program, as the request has not been consented to, and the Court is loath to impose a settlement mechanism to which a party objects. However, based on defendants' representation that they consent to settlement negotiations before a Magistrate Judge and the absence to date of any objection by

plaintiff to this course, the Court will refer this case, by contemporaneous order, to a Magistrate Judge for the purpose of conducting settlement negotiations. As set forth in that order, plaintiff's counsel is to contact the assigned Magistrate Judge's Chambers to schedule a settlement conference when both parties are ready for such a conference.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: April 19, 2019
      New York, New York